UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-61175-CIV-COHN/SELTZER

JAMES BOYLAN,

        Plaintiff,

vs.

STATE OF FLORIDA, et. al.

        Defendants.
_____/

## ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** is before the Court *sua sponte.*

### I. BACKGROUND

On July 8, 2010, Plaintiff filed a *pro se* Complaint [DE 1] against the State of Florida and several state officials in their official capacity. The Complaint alleged two counts: 1) False Arrest; and 2) Malicious Prosecution.[1] Both claims sought monetary damages under 42 U.S.C. 1983 and 1985 and arise from incidents that occurred in 2008. See generally Complaint. Specifically, Plaintiff was arrested in April 2008 for one count of assault pursuant to section 784.011, Florida Statutes and two counts of disorderly conduct pursuant to section 877.03(1), Florida Statutes. Id. at 8. Plaintiff alleged that he pled no contest to the charges against him. Id. at 12.

Because Plaintiff alleged that he pled no contest to the charges against him, and

---

[1] Plaintiff titled Count Two as follows: "Retaliatory Treatment for Discriminating Statement in an Affidavit." The allegations in Count Two involve government officials working in their official capacities who allegedly conspired to set Plaintiff's court dates with inadequate notice, charge Plaintiff fines, and issue a "wrongful" warrant for his arrest. Accordingly, the Court construes Count Two as a claim for malicious prosecution.

did not allege that his conviction was later invalidated, the Court determined that Plaintiff's Complaint, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), failed to state a claim.  See DE 4.  Consequently, the Court dismissed Mr. Boylan's Complaint without prejudice.  See id.

On September 13, 2010, Plaintiff filed an Amended Complaint [DE 5].  The Amended Complaint alleges the same two counts: 1) False Arrest; and 2) Malicious Prosecution.  See id.  Plaintiff again pleads that he pled no contest to the charges against him.  See id.  This time, however, Plaintiff alleges at the end of Count II that "as a result of his later invalidated conviction, he prays for this Court to issue an Order for injunctive Relief."  Id. at 10.[2]  Thus, Plaintiff has made some effort to cure the deficiency in his initial Complaint.  Nonetheless, for the reasons set forth below, the Court must dismiss Plaintiff's Amended Complaint.

## II. LEGAL STANDARD

Because Plaintiff has not paid a filing fee, the Court conducts a screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Section 1915 provides in pertinent part as follows:

> (e) (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-

---

[2] Although Plaintiff refers to injunctive relief in the Amended Complaint, Plaintiff does not explain what sort of injunctive relief he seeks.  Furthermore, in his prayer for relief, Plaintiff "prays for judgment for damages in his favor in an amount sufficient to compensate him for mental anguish and emotional duress suffered by Plaintiff due to their deliberate indifference and intentional misconduct of defendants, But in no event less than $3.5000 Together with his attorneys fees."  Thus, despite the reference to injunctive relief, the Court construes the Amended Complaint as a complaint for monetary damages.

>...
>
>(B) the action or appeal-
>...
>
>(i)    is frivolous or malicious;
>(ii)   fails to state a claim on which relief may be granted; or
>(iii)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915.

Dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)."). Thus, for the purposes of this screening, the Court assumes as true all allegations contained within the Complaint. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Furthermore, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

Notwithstanding, under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations

3

must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

### III. ANALYSIS

Plaintiff, in his Amended Complaint, alleges that his conviction was invalidated. See Amended Complaint ¶ 73. Plaintiff, however, provides no case number or details regarding the basis of invalidation. He does not explain how, when, or where his conviction was invalidated. Thus, Plaintiff's Amended Complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Stated differently, Plaintiff's allegation that his conviction was invalidated is wholly conclusory. Consequently, Plaintiff has failed to state a claim on which relief may be granted.

### IV. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Amended Complaint [DE 5] is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of September, 2010.

_____
JAMES I. COHN
United States District Judge